UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LION RAISINS, INC., <br><br>　　　　　Plaintiff, <br><br>　v. <br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, <br><br>　　　　　Defendant. | 1:08-cv-0358 OWW SMS <br><br>SCHEDULING CONFERENCE ORDER <br><br>Motion for Right to Conduct Discovery Filing Deadline: 9/29/08 <br><br>Hearing Date: 11/3/08 10:00 Ctrm. 3 <br><br>Cross-Motions For Summary Judgment Filing Deadline: 5/18/09 <br><br>Oppositions Filing Deadline: 6/2/09 <br><br>Replies Filing Deadline: 6/9/09 <br><br>Hearing Date: 6/6/09 10:00 Ctrm. 3 (Time Reserved for Extended Oral Argument) |

I.   Date of Scheduling Conference.

　　　August 14, 2008.

II.  Appearances Of Counsel.

　　　Wesley T. Green, Esq., appeared on behalf of Plaintiff.

　　　Benjamin E. Hall, Esq., Assistant United States Attorney, appeared on behalf of Defendant.

1

III.  Summary of Pleadings.

1.  Complaint:  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Plaintiff, a raisin handler, alleges in its Complaint for Declaratory and Injunctive Relief; Stay of Administrative Proceedings; Temporary Restraining Order; and Attorneys' Fees ("Complaint") that USDA has improperly withheld information relating to USDA inspection and grading of Plaintiff's raisins.  The Complaint contains nine counts, as follows:

2.  Count One:  Refusal to Produce Disposition Plans for "FR" and "RAC" Forms (FOIA No. 97-07).  Plaintiff alleges that USDA failed to perform an adequate search for requested records and withheld disposition plans for "FR" and "RAC" forms in bad faith and for the purpose of delay.

3.  Count Two:  Refusal to Produce Transfer and Destruction Records (FOIA No. 96-07).  Plaintiff alleges that USDA failed to perform an adequate search for records and falsely claimed that requested records had been destroyed.  Plaintiff further alleges that the USDA Administrator improperly and in bad faith upheld the agency's determination after Plaintiff filed an administrative appeal.

4.  Count Three:  Refusal to Produce Line Check Sheets and Memorandum Reports of Inspection (FOIA No. 184-001).  Plaintiff alleges that USDA failed to perform an adequate search for requested records and improperly withheld documents including Line Check Sheets for recondition, Afghan and Chilean raisins. Plaintiff further alleges that the USDA Administrator improperly and in bad faith upheld the agency's determination after

Plaintiff filed an administrative appeal.

   5.   Count Four:  Failure to Respond to Appeal Re: Renewed Request for Worksheets (FOIA No. 85-04).  Plaintiff alleges that USDA improperly withheld Certificate Worksheets based upon an ongoing administrative investigation under Exemption 7(A). Plaintiff further alleges that Worksheets were illegally transferred from the Fresno Field Office to Washington, D.C.

   6.   Count Five:  Failure to Respond to Request for Disposition Records for Worksheets.  Plaintiff alleges that USDA failed to timely answer a request for the disposition schedule and all records relating to the destruction and/or transfer of Worksheets.

   7.   Count Six:  Failure to Respond to Appeal Re: Warning Letters and Compliance Cases (FOIA No. 61-01).  Plaintiff alleges that in response to an FOIA request, USDA released six batches of records from which certain information was redacted to protect trade and financial secrets, privacy, and for law enforcement purposes.  Plaintiff alleges that USDA failed to properly identify the redactions.

   8.   Count Seven:  Refusal to Provide Access to Original Records (FOIA Nos. 22-06, 23-06, 25-06 and 27-06).  Plaintiff alleges that in response to Plaintiff's request for physical access to original Line Check Sheets, Worksheets, Voided Certificates, Letters and/or Memorandum Reports of Investigation, USDA requested unreasonable fees for search and review, which fees were tantamount to an outright denial.  Plaintiff further alleges that the USDA Administrator improperly upheld the decision.

3

9. Count Eight: Violation of Administrative Procedure Act. Plaintiff contends that USDA's actions were arbitrary and capricious under the Administrative Procedure Act.

10. Count Nine: Bad Faith by the USDA. Plaintiff contends that USDA's refusal to produce documents was arbitrary, capricious and a bad faith attempt to delay processing of the requests and to conceal exculpatory evidence.

11. Plaintiff requests declaratory and injunctive relief, including an injunction requiring USDA to produce the requested documents. Plaintiff further requests issuance of a stay of administrative debarment proceedings against Plaintiff; a temporary and permanent injunction against destruction of inspection and grading records; and other relief including a fee waiver, sanctions and attorney's fees.

12. Answer: USDA admits that Plaintiff submitted certain FOIA requests and that USDA released thousands of pages of records in full or in part in response to Plaintiff's FOIA requests. USDA further admits that portions of the requested records were properly withheld pursuant to statutory exemptions under FOIA. USDA further admits that its responses to Plaintiff's requests have been upheld upon administrative appeal by Plaintiff. USDA denies that it has improperly withheld any records or portions of records. USDA denies each and every allegation of improper conduct and bad faith. USDA also asserts various affirmative defenses including that Plaintiff failed to follow required administrative procedures, made improper FOIA requests, and seeks remedies that are not available under FOIA. USDA denies that Plaintiff is entitled to any relief whatsoever,

and USDA requests that the Complaint be dismissed with prejudice.

**IV. Orders Re Amendments To Pleadings.**

    1.   Plaintiff contemplates amending the pleadings and shall have through and including August 25, 2008, to file an amended complaint. The government shall have fifteen (15) days to respond to the amended complaint.

**V. Factual Summary.**

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   Plaintiff is a raisin handler and is regulated by a federal marketing order.

        2.   USDA's Agricultural Marketing Service commenced an investigation of Plaintiff, and a search warrant was served upon Plaintiff in October 2000.

        3.   Debarment proceedings were commenced against Plaintiff.

        4.   Plaintiff has submitted numerous FOIA requests, including FOIA Nos. 97-07, 96-07, 184-001, 85-04, 61-02, 22-06, 23-06, 25-06 and 26-06.

        5.   In response to Plaintiff's FOIA requests, USDA released various records and withheld other records.

        6.   Plaintiff has filed appeals from USDA's responses to various FOIA requests.

    B.   Contested Facts.

        1.   All other factual matters are contested.

**VI. Legal Issues.**

    A.   Uncontested.

        1.   Jurisdiction exists under 28 U.S.C. § 1331 and 5

U.S.C. §§ 702 et seq.

    2.    Venue is proper under 28 U.S.C. § 1391.

    3.    The parties agree that Federal law governs all issues in the case.

  B.    Contested.

    1.    All remaining legal issues are contested.

VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.    Discovery Plan and Cut-Off Date.

    1.    The parties do not agree as to whether discovery should be allowed in this case.

    2.    USDA contends that because this is an FOIA case, ordinary discovery is inappropriate.  *See, e.g., Lane v. KOI*, 523 F.3d 1128, 1134-1135 (9th Cir. 2008) ("in FOIA and Privacy Act cases, discovery is limited . . . [c]ourts routinely delay discovery until after summary judgment"); *Judicial Watch, Inc. v. Exp.-Imp. Bank*, 108 F.Supp.2d 19, 25 (D.D.C. 2000) ("discovery in an FOIA action is generally inappropriate"); *Katzman v. Freeh*, 926 F.Supp. 316, 319 (E.D.N.Y. 1996) ("discovery in a FOIA action

6

is extremely limited"); *Wheeler v. CIA*, 271 F.Supp.2d 132, 139 (D.D.C. 2003) ("discovery is generally unavailable in FOIA actions").

3. Plaintiff contends that this case cannot be decided on the administrative record alone. Plaintiff alleges governmental misconduct, including retaliation, perjury, unlawful search and seizure, gross negligence, illegal punishment, defamation, misrepresentation, obstruction of justice, bad faith, abuse of discretion, contempt and the illegal destruction and/or alienation of public records which carries potential criminal charges. As such, Plaintiff requests discovery. *American Civil Liberties Union v. Department of Defense*, 389 F.Supp.2d 547, 553 (S.D.N.Y. 2005) (in order to justify discovery once the agency has satisfied its burden, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations, or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate).

4. The Plaintiff will file a motion concerning the right to conduct discovery on or before September 29, 2008. That motion shall be heard November 3, 2008, at 10:00 a.m. in Courtroom 3.

5. The parties' cross-motions for summary judgment shall be filed on or before May 18, 2009. Oppositions to such motions shall be filed June 2, 2009. Replies shall be filed by June 9, 2009. The motion will be heard July 6, 2009, at 10:00 a.m., and the Court will reserve extended time for oral argument.

*///*

**XII. Motions - Hard Copy.**

    1.   The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

**XIII.   Settlement Conference.**

    1.   The parties do not believe that a Settlement Conference would be productive at this time.  The parties shall notify the Court if a settlement conference would be helpful and one would be scheduled.

    2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences.  Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.   Confidential Settlement Conference Statement.  At least five (5) days prior to the Settlement Conference the

8

parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.   The Confidential Settlement Conference Statement shall include the following:

        a.   A brief statement of the facts of the case.

        b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.   A summary of the proceedings to date.

        d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.   The relief sought.

        f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XIV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.   None.

**XV.   Related Matters Pending.**

   1.   As noted, *Lion Raisins, Inc. v. United States Department of Agriculture*, Case No. 1:05-cv-0062 OWW SMS, is a related matter.  In that case, Plaintiff's Motion for Relief from Judgment remains pending.

**XVI. Compliance With Federal Procedure.**

   1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

**XVII.      Effect Of This Order.**

   1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

   2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

   3.   Failure to comply with this order may result in

the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **August 15, 2008**                     **/s/ Oliver W. Wanger**
                                        UNITED STATES DISTRICT JUDGE