UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| LION RAISINS, INC., | 1:08-CV-00358-OWW-SMS |
|---|---|
| Plaintiff, | MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION FOR DISCOVERY |
| v. | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, | |
| Defendant. | |

## I. INTRODUCTION

Before the court is a "motion for discovery" brought by Plaintiff Lion Raisins, Inc. ("Lion") pursuant to Federal Rules of Civil Procedure 26 and 56(f)(2).[1]  Lion seeks discovery in connection with various requests it made, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for records of the United States Department of Agriculture ("USDA").  The court heard oral argument on the motion on January 16, 2009.  For the reasons discussed below, Lion's motion for discovery is denied.

## II.   DISCUSSION AND ANALYSIS

A.   Lion's Motion Under Rule 56(f)(2)

---

[1] After filing its principal brief in support of its motion, Lion submitted a supplemental memorandum of points and authorities (Doc. 22).  Lion also submitted a twenty-four-page supplemental declaration (Doc. 21), and then later a "further" declaration (Doc. 22-2).  Lion motioned for approval of its supplementation (Doc. 22), and the court grants this motion.

1

The USDA has not yet moved for summary judgment in this case. Accordingly, Lion's motion under Rule 56(f)(2) is premature and, on that basis, is denied. *See Pabaon Osvaldo v. U.S. Penitentiary Lewisburg Warden*, No. Civ. 3:CV-05-155, 2006 WL 485574, at *4 n.6 (M.D. Pa. Feb. 28, 2006) ("Plaintiff's motion is not properly made pursuant to Rule 56(f) as Defendants have not moved for summary judgment in this action."); *FEC v. Carlucci*, CIV. A. No. 87-1747, 1988 WL 35378, at *2 (D.D.C. Mar. 31, 1988) ("[P]laintiff cannot rely on Rule 56(f) because no motion for summary judgment is pending at this time."). When the USDA files a motion for summary judgment, Lion can move under Rule 56(f)(2) and attempt to establish that discovery is warranted under this rule.

B.   Lion's Motion Under Rule 26

   1.   Local Rule 37-251

Lion also moves for discovery under Rule 26, and such motions are subject to the meet and confer requirements of Local Rule 37-251, with which Lion did not comply. Non-compliance with Local Rule 37-251 typically results in a denial of the discovery motion. *See, e.g., Peyton v. Burdick*, No. 07-cv-0453 LJO TAG, 2008 WL 880573, at *1 (E.D. Cal. Mar. 31, 2008) ("Plaintiff's motion is not accompanied by a certification or an affidavit indicating that he conferred with Defendants' counsel and attempted to resolve this discovery dispute without resorting to filing a motion. Accordingly, Plaintiff's motion to compel discovery fails to comply with FRCP 37(a)(1) and L.R. [3]7-251, and must be denied."); *Abubakar v. City of Solano*, No. CIV S-06-2268 LKK EFB, 2008 WL 508911, at *3 (E.D. Cal. Feb. 22, 2008) (denying a discovery motion without prejudice to extent it dealt with discovery issues over

2

which the parties did not "meet and confer" as required by Local Rule 37-251). When questioned by the court whether there was a reason why Lion did not comply with the Local Rules, Lion offered no reason for its non-compliance. Lion was allowed to present oral argument on its motion nonetheless, and, after hearing from both parties, it was apparent that granting Lion's motion and permitting discovery at this time would be inappropriate.[2]

**2. Discovery In FOIA Cases**

In a FOIA case, like in others, "[a] district court has wide latitude in controlling discovery, and its rulings will not be overturned in absence of a clear abuse of discretion." *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (internal quotation marks omitted). Given that *Lane* explicitly recognized that a district has "wide latitude in controlling discovery" in a FOIA case, it is indisputable that discovery is permissible in a FOIA case (otherwise there would be no latitude). Although discovery is permissible in a FOIA case, "discovery is limited because the underlying case revolves around the propriety of revealing certain documents. Accordingly, in these cases courts may allow the government to move for summary judgment before the plaintiff conducts discovery." *Lane*, 523 F.3d at 1134 (citation omitted).

FOIA cases are usually decided at the summary judgment stage. *Lawyers' Comm. for Civil Rights of S.F. Bay Area v. U.S. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008) ("Procedurally, district courts typically decide FOIA cases on

---

[2] Future compliance with the Local Rules is expected.

3

summary judgment before a plaintiff can conduct discovery."); *Sakamoto v. EPA*, 443 F. Supp. 2d 1182, 1188 (N.D. Cal. 2006) ("It is generally recognized that summary judgment is a proper avenue for resolving a FOIA claim."). At the summary judgment stage, the government is often the moving party and ordinarily it submits affidavits and argument to establish the applicability of an exemption as to withheld records, the adequacy of its search for responsive records, and any other matters necessary to support the motion.  To obtain summary judgment in its favor, the government must establish that an exemption applies as to withheld documents, *Dobronski v. FCC*, 17 F.3d 275, 277 (9th Cir. 1994), and that its search for responsive records was adequate, *Zemansky v. EPA*, 767 F.2d 569, 571-73 (9th Cir. 1985). *See also U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 755 (1989) ("Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo.'") (*quoting* 5 U.S.C. § 552(a)(4)(B)).  If the government affidavits submitted in connection with a motion for summary judgment are sufficient to meet the government's burden, the case can be decided without discovery.  *See Lane,* 523 F.3d at 1125-36; *Citizens Comm'n on Human Rights v. FDA*, 45 F.3d 1325, 1329 (9th Cir. 1995).

After a government defendant has moved for summary judgment in a FOIA case and submitted its supporting affidavits, some courts have permitted, or have indicated a willingness to permit, certain discovery relating to the exemption(s) claimed and/or the adequacy

4

of the search when the plaintiff impugns the government affidavits with evidence of bad faith or when some other deficiency renders the affidavits insufficient. *See, e.g., Carney v. U.S. Dep't of Justice,* 19 F.3d 807, 812 (2nd Cir. 1994) (noting that "discovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's [summary judgment] submissions are adequate on their face[,]" and "[i]n order to justify discovery once the agency has satisfied its burden [on summary judgment], the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations . . . or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate."); *Van Strum v. EPA*, 680 F. Supp. 349, 352 (D. Or. 1987) (permitting discovery in a FOIA case, stating "[s]ummary judgment without discovery is appropriate where the plaintiff has made no showing of agency bad faith sufficient to impugn the agency affidavit[,]" but "where plaintiff or the agency's response raises serious doubts as to the completeness and good faith of the agency's search, discovery is appropriate"); *Exxon Corp. v. FTC*, 466 F. Supp. 1088, 1094 (D.D.C. 1978) (noting, in a FOIA case, that a "court should not, of course, cut off discovery before a proper record has been developed; for example, where the agency's response raises serious doubts as to the completeness of the agency's search . . . where the agency's response is patently incomplete . . . or where the agency's response is for some other reason unsatisfactory"), *aff'd,* 663 F.2d

5

120 (D.C. Cir. 1980).[3]  Even where discovery is allowed in a FOIA case, it is limited. *Lane*, 523 F.3d at 1134; *Giza v. Sec'y of Health, Educ. & Welfare,* 628 F.2d 748, 751 (1st Cir. 1980) ("To the extent that discovery is allowed in a[] FOIA action, it is directed at determining whether complete disclosure has been made, e.g., whether a thorough search for documents has taken place, whether withheld items are exempt from disclosure."); *Lawyers' Comm. for Civil Rights*, 534 F. Supp. 2d at 1131-32 (noting that in FOIA cases discovery is "sparingly granted, and is most often limited to investigating the scope of the agency search for responsive documents, the agency's indexing procedures, and the like") (internal quotation marks omitted); *Van Strum*, 680 F. Supp. at 352 ("In general, the scope of discovery in a[] FOIA case is limited to whether complete disclosure has been made by the agency in response to the request for information").[4]  Although the government often moves for summary judgment in a FOIA case, a plaintiff can also move or cross-move for summary judgment or summary adjudication. *See, e.g.*, *Van Bourg, Allen, Weinberg & Roger v. NLRB*, 751 F.2d 982, 984 (9th Cir. 1985); *Van Strum*, 680 F. Supp. at 350.

---

[3] At least one court has also permitted discovery relating to a plaintiff's FOIA claim for a "pattern and practice of untimely responses to FOIA requests." *Gilmore v. U.S. Dep't of Energy*, 33 F. Supp. 2d 1184, 1188, 1190 (N.D. Cal. 1998). The discovery was limited to the Department of Energy's "policies and practices for responding to FOIA requests, and the resources allocated to ensure its compliance with the FOIA time limitations." *Id.* at 1190. No such discovery is sought here.

[4] As an alternative to permitting discovery, if the government affidavits are insufficient, a court can order the government to submit additional affidavits. *See Pollard v. FBI*, 705 F.2d 1151, 1154 (9th Cir. 1983).

Here, Lion has submitted affidavits and argument in an attempt to show bad faith and other misconduct on the part of the USDA in hopes of demonstrating that discovery should be allowed. Lion's motion for discovery, which is factually detailed, touches upon the USDA's responses to Lion's FOIA requests, the applicability of FOIA exemptions and the agency's search for records. In other words, Lion has submitted evidence and argument in its motion for discovery that, in a FOIA case, would normally be advanced at the summary judgment stage. The USDA has responded to Lion's motion with only legal argument as to the propriety or impropriety of discovery in FOIA cases, and the USDA contends that a decision as to discovery should be made only after the USDA files its motion for summary judgment. The USDA has not supplied affidavits or briefing regarding its responses to the FOIA requests, any claimed exemptions, the searches conducted, or other substantive matters that might bear on the disposition of this case. Without the USDA's position and evidence on substantive matters pertinent to disposition of this case (e.g., the extent of its search for responsive records), there is not enough information to conclusively determine, at this time, whether or to what extent discovery should be permitted, or whether this case or particular issues can be properly decided without discovery. *See Murphy v. FBI*, 490 F. Supp. 1134, 1137 (D.D.C. 1980) ("[C]ases uniformly establish that discovery may proceed in a FOIA controversy when a factual issue arises concerning the adequacy or completeness of the government search and index. But they further establish a self-evident principle: a factual issue that is properly the subject of discovery can arise only after the government files its

7

1  **affidavits and supporting memorandum of law.").**

2  **Rather than engage in an unproductive exercise of directing**
3  **the USDA to respond to Lion's discovery motion with more**
4  **information, and given that Lion's discovery motion contains**
5  **evidence and argument that is typically advanced at the summary**
6  **judgment stage, the previously set deadline (May 18, 2009) for**
7  **summary judgment motions (Doc. 13 at p.7.) is advanced.  Such**
8  **motions, from either party, shall be filed by March 2, 2009.**
9  **Opposition to such motions shall be filed by March 16, 2009.**
10 **Replies thereto shall be filed by March 23, 2009.  The motion(s)**
11 **will be heard on March 30, 2009, at 10:00 a.m.  In the interest of**
12 **efficiency, the parties may incorporate by reference any affidavits**
13 **or briefing submitted in connection with Lion's motion for**
14 **discovery.**

15 **For the foregoing reasons, Lion's motion for discovery is**
16 **denied.**

17 IT IS SO ORDERED.

18 **Dated:   January 21, 2009**                  /s/ Oliver W. Wanger
                                              UNITED STATES DISTRICT JUDGE